JESSE BROWN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—218.]

**Confession of Crime of Housebreaking.**

A confession of guilt of a crime charged, will not warrant a conviction unless accompanied with other proof that such an offense was committed, but where evidence shows that a house was broken into and certain property was missed therefrom, taken with the confession of the accused is sufficient to sustain such a conviction.

APPEAL FROM MONROE CIRCUIT COURT.

September 12, 1885.

OPINION BY JUDGE PRYOR:

While the facts in this case show that the conviction could not have been had but for the confession of the accused—which seems to have been in good faith, but tends to show the absence almost of a felonious intent—yet the fact that the house was entered or broken into and the bottle of bitters taken is established by other testimony and this added to the confession authorized the conviction.

The code provides (sec. 240) that a confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed.

It is apparent from the testimony of the brother of the accused that the window was broken and the bitters gone. This was proof showing that the offense had been committed, but by whom was not known. Here the appellant admits the commission of the offense and the fact that the store was broken into and the bitters taken is established by other proof. There are mitigating circumstances in this case that may appeal to the Executive Clemency, but can not be considered as a defense to a charge of felony, although the troubled conscience of the appellant has caused him to expose his own wrong.

Judgment *affirmed*.

*D. R. Carr, for appellant.*

*P. W. Hardin, for appellee.*